**FILED - GR**

August 11, 2010 1:47 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY __CR__/_____ SCANNED BY ___R.m.w 8/11

## UNITED STATES DISTRICT COURT
## IN THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LINDA MYS

Plaintiff,

v.

MICHIGAN DEPARTMENT OF
STATE POLICE
 Defendant

10- **1:10-cv-794**

**Robert J. Jonker**
**U.S. District Judge**

COMPLAINT FOR:
Violations of Title VII
42 USC 2000e, The
Civil Rights Act of 1964

Joni M. Fixel (P56712)
**Fixel Law Offices, PLLC**
4084 Okemos Rd., Ste B
Okemos, MI 48864
(517) 332-3390
jfixel@fixellawoffices.com

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Linda Mys, by and through her attorney, Joni M.

Fixel of Fixel Law Offices, PLLC, and for her complaint, states as follows:

### Jurisdiction and Parties

1.   This is an action to enforce civil rights arising out of Plaintiff's

     employment relationship with MICHIGAN DEPARTMENT OF

     STATE POLICE ("Defendants"), pursuant to Title VII – Civil Rights

     Act of 1964 as amended.

2.   Plaintiff is a resident of Newaygo in the State of Michigan. At the

     time of the events of this suit, she had the intention to make her home

     in Michigan indefinitely and has no present intention to leave

     Michigan.

1

3.   The Plaintiff worked for the Michigan Department of State Police
     (Defendant), which has Departments across the State of Michigan.

4.   The events giving rise to this cause of action occurred in Newaygo,
     Michigan.

5.   Plaintiff has filed this timely complaint within 90 days of receiving
     her Right to Sue letter from the Equal Employment Opportunity
     Commission.

## **FACTUAL BACKGROUND**

Plaintiff re-alleges and reaffirms paragraphs 1-5 as if restated herein.

6.   On or about 1985, Plaintiff began to work for the Defendant and
     was assigned to the Newaygo Post.

7.   Over the next 24 years, Plaintiff worked with performance reviews
     that consistently noted her high performance and she continued to
     advance through the ranks of the Department.

8.   Throughout the course of her employment with Defendants, Plaintiff
     performed her job duties in a manner that was satisfactory or
     better.

9.   Throughout the course of her employment with the Defendants,
     Plaintiff took great pride in her work and professionalism. Over the
     years Plaintiff received several commendations for her good works
     and service.

2

41. Throughout the course of her employment with the Defendants, Plaintiff had been trained in recognizing and protecting victims of sexual abuse.

42. Despite being trained in protecting the victims of sexual abuse and recognizing sexual harassment, she was not given the same protection when she became a victim of sexual abuse at work.

43. In or about summer 2007, Plaintiff was treated by her doctor for increasing high blood pressure from the stress of her job.

44. Plaintiff's therapist told the Plaintiff that she needed to advise her supervisors of the sexual harassment that she was experiences at work.

45. Plaintiff had been the victim of sexual harassment, stalking and unwarranted sexual advances from her supervisor, Dick Miller.

46. Despite reporting the incidents of sexual harassment, stalking and unwarranted sexual advances by her supervisor, Dick Miller, to then Lieutenant Schram it continued.

47. On or about August 2007, Dick Miller made inappropriate comments to Plaintiff about an African American woman who had presented a Freedom of Information request.

48. On or about September 10, 2007, Plaintiff complained to Lieutenant Schram again about the behavior of Dick Miller that included Stalking, inappropriate behavior, inappropriate comments about the Plaintiff, and Miller touching Plaintiff's behind.

3

49.   On or about September 17, 2007, Plaintiff was told by her
      Lieutenant Schram that nothing could be done about Miller and that
      she would need to work with him.

50.   On or about September 20 2007, Plaintiff took a month off from
      work due to the stress.

51.   When Plaintiff went back to work, she was not scheduled to work
      with Dick Miller until November. When she did work with Miller he
      was loudly telling a co-worker about sexual affairs between a father
      and daughter. Miller was laughing about it and the sexual exploits.
      Plaintiff had to close her office door to prevent from hearing more
      inappropriate discussions.

52.   On or about November 28, 2007, Plaintiff advised the Lieutenant
      Schram about the inappropriate discussions of Dick Miller.

53.   On or about December 5, 2007, Plaintiff attended the Michigan
      State Police Academy in Lansing, Michigan. While attending
      training, she was told by troops in training that she had been
      transferred to the Rockford, Michigan post.

54.   Plaintiff's supervisors never told her that she had been transferred.

55.   On or about December 8, 2007, Plaintiff began to work at the
      Rockford post.

56.   Plaintiff appealed the transfer to the Transfer Review board.

4

57.    On or about January 29, 2008, Plaintiff was told by Dispatchers
       Doug Cobb and Gary Meiers that they had been interviewed by
       Lieutenant Schram about her performance.

58.    On or about February 6, 2008, Plaintiff went before the Transfer
       Review Board and was told that she now had to report to the
       Detroit Michigan State Police Post and she was to report on
       February 24, 2008.

59.    On or about February 11, 2008, in a retaliatory act, Lieutenant
       Schram went to Plaintiff's old computer at the Newaygo post and
       searched old websites she had visited. When he found an email
       that he considered "inappropriate" about a cat for sale – he wrote
       her up and she was given a 2 year reprimand.

60.    Plaintiff was served with her 2 year reprimand on her first day of
       reporting to the Detroit post, despite Lieutenant Schram no longer
       being her supervisor.

61.    On or about March 3, 2008, Plaintiff was told by Sergeant Nelson of
       the Newaygo Post, that the Human Resource Department in
       Newaygo told the Newaygo Troopers not to have any contact with
       the Plaintiff.

62.    On or about June 9, 2008, Plaintiff was given a performance
       appraisal from the previous year. She had only been evaluated by
       Lieutenant Harris at the Newaygo Post and for the first time in her
       career, she received a "Meets Expectations".

63.     As a direct and proximate result of Defendants wrongful acts,

        Plaintiff has suffered lost wages and benefits, loss of benefits,

        humiliation and embarrassment, and loss of professional

        reputation.

## Count I

### Violation of Title VII – the Civil Rights Act
### of 1964 as Amended – Sexual Harassment

Plaintiff incorporates by reference paragraphs 1 through 32.

64.     Plaintiff's sex was a determining factor in the decision by her

        supervisor, Dick Miller to sexually harass her, touch her

        inappropriately and to make improper sexual comments to her and

        around her.

65.     As a woman, Plaintiff belongs to a protected class pursuant to Title

        VII – the Civil Rights Act.

66.     Dick Miller's comments were unwelcome by the Plaintiff and she

        reported it frequently to her managers.

67.     The unwelcome sexual conduct, touching and sexual innuendo's

        were intended to and did in fact substantially interfere with the

        Plaintiff's employment.

68.     The unwelcome sexual conduct, touching and sexual innuendo's

        created an intimidating, hostile and offensive work environment for

        the Plaintiff.

6

69.    Defendants are liable for the damages of the Plaintiff pursuant to
       the doctrine of Respondeat Superior by failing to prevent Dick Miller
       from continuing his sexual harassing behavior.

70.    Defendants are liable for the damages of the Plaintiff pursuant to
       the doctrine of Respondeat Superior by retaliating against the
       Plaintiff by changing her work location, moving her to Detroit and
       placing her on a 2 year reprimand for complaining about the
       improper behavior of Dick Miller.

40.    As a direct and proximate result of Defendants' wrongful acts and
       omissions, Plaintiff has lost wages and benefits, loss of benefits,
       humiliation and embarrassment, and loss of professional
       reputation.

## Count II

### Violation of Title VII – the Civil Rights Act
### of 1964 as Amended – Hostile Work Environment

Plaintiff incorporates by reference paragraphs 1 through 40.

41.    Plaintiff's sex was a determining factor in the decision by her
       supervisor, Dick Miller to sexually harass her, touch her
       inappropriately and to make improper sexual comments to her and
       around her.

42.    As a woman, Plaintiff belongs to a protected class pursuant to Title
       VII – the Civil Rights Act.

43.    Dick Miller's comments were unwelcome by the Plaintiff and she
       reported it frequently to her managers.

44. The unwelcome sexual conduct, touching and sexual innuendo's were intended to and did in fact substantially interfere with the Plaintiff's employment.

45. The unwelcome sexual conduct, touching and sexual innuendo's created an intimidating, hostile and offensive work environment for the Plaintiff.

46. Defendants are liable for the damages of the Plaintiff pursuant to the doctrine of Respondeat Superior by failing to prevent Dick Miller from continuing his sexual harassing behavior.

47. Defendants are liable for the damages of the Plaintiff pursuant to the doctrine of Respondeat Superior by retaliating against the Plaintiff by changing her work location, moving her to Detroit and placing her on a 2 year reprimand for complaining about the improper behavior of Dick Miller.

48. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has lost wages and benefits, loss of benefits, humiliation and embarrassment, and loss of professional reputation.

**WHEREFORE** Plaintiff, Linda Mys, respectfully requests that this Court enter a judgment in favor of the Plaintiff against the Defendants as follows:

1. an order enjoining Defendant from further acts of discrimination or retaliation;

8

2.    an order of this Court awarding Plaintiff compensatory damages in an
      amount determined at trial in this matter;

3.    an order of this court awarding Plaintiff punitive damages in an amount
      to be determined at the trial in this matter;

4.    an award to Plaintiff of attorneys fees, costs of litigation and interest

5.    an order of this Court granting Plaintiff further relief that it deems just
      and equitable.

### PLAINTIFF DEMANDS A JURY

Respectfully submitted,

**Fixel Law Offices, PLLC**

Dated: August ___, 2010

Joni M. Fixel (P56712)
Attorney for the Plaintiff
4084 Okemos Rd., Ste B
Okemos, Michigan 48864
Telephone:(517) 332-3390
jfixel@fixellawoffices.com